AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the

_____

Christopher R. Taylor
_____
Petitioner

v.  Case No. 3:21-cv-00109-NBB-JMV
(Supplied by Clerk of Court)

Bill Rasco, Desoto County Sheriff
Chad Wicker, Desoto County Facility Director
_____
Respondent
(name of warden or authorized person having custody of petitioner)

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
Rule 6.1(c) Missippi Rule of Criminal Procedure
**Personal Information**

1. (a) Your full name: Christopher Romel Taylor
   (b) Other names you have used: N/A
2. Place of confinement:
   (a) Name of institution: Desto County Adult Detention Center
   (b) Address: 3425 Industrial Drive N.
   Hernando, ms 38632
   (c) Your identification number: ID #188312  / Case #: F2021-00005
3. Are you currently being held on orders by:
   ☐ Federal authorities    ☒ State authorities    ☐ Other - explain:

4. Are you currently:
   ☒ A pretrial detainee (waiting for trial on criminal charges)
   ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
   (a) Name and location of court that sentenced you: _____
   
   (b) Docket number of criminal case: F2021-00005
   (c) Date of sentencing: N/A
   ☐ Being held on an immigration charge
   ☒ Other (explain): Held on Simple Assault Charge.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**Decision or Action You Are Challenging**

5. What are you challenging in this petition:
   ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)
   ☒ Pretrial detention
   ☐ Immigration detention
   ☒ Detainer
   ☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
   ☐ Disciplinary proceedings
   ☒ Other (explain): Decision of the court refusal to release Christopher R. Tayl under Rule 6.1(e) on his own Recognizance after a preliminary hearing was denied during statutory period. The rule requires release 14 day hearing.

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court: Horn Lake Municipal Court / Hernando Circuit Court 13101 Goodman Rd, Horn Lake, MS 386 37/2535 Hwy 51 S. #200
   (b) Docket number, case number, or opinion number: F2021-CC005
   (c) Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed):
   Denied preliminary hearing pursuant to Rule 6.1(e), right to pre hearing within 14 days following the demand for a hearing made march was set for March 23, 2021. Second demand April 30, 2021 was set April 28, 2
   (d) Date of the decision or action: March 9, 2021 and March 30, 2021

**Your Earlier Challenges of the Decision or Action**

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☒ Yes     ☐ No
   (a) If "Yes," provide:
      (1) Name of the authority, agency, or court: Horn Lake Municipal Court, Desoto Cou Circuit Court
      (2) Date of filing: March 23, 2021
      (3) Docket number, case number, or opinion number: M2020-0103, M2020-0137x F2021-CC005
      (4) Result: The Court refused preliminary hearing within 14 days, March 23, 20
      (5) Date of result: March 23, 2021
      (6) Issues raised: (1) Whether Christopher R. Taylor 14th Amendment due pro violated. (2) Whether Horn Lake Municipal Court violated Rule 6.1(3 refusing preliminary hearing. (3) Whether or not Christopher R. Taylor recei Ineffective assistance of Council. (4) Whether or not Christopher R. Tay denied adequate medical treatment in violation of Amendment 8, cruel in human treatment.

(b) If you answered "No," explain why you did not appeal: N/A

8. **Second appeal** N/A
   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☐ Yes ☐ No
   (a) If "Yes," provide:
      (1) Name of the authority, agency, or court:
      
      (2) Date of filing:
      (3) Docket number, case number, or opinion number:
      (4) Result:
      (5) Date of result:
      (6) Issues raised:
      
   (b) If you answered "No," explain why you did not file a second appeal:

9. **Third appeal** N/A
   After the second appeal, did you file a third appeal to a higher authority, agency, or court?
   ☐ Yes ☐ No
   (a) If "Yes," provide:
      (1) Name of the authority, agency, or court:
      
      (2) Date of filing:
      (3) Docket number, case number, or opinion number:
      (4) Result:
      (5) Date of result:
      (6) Issues raised:

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (b) If you answered "No," explain why you did not file a third appeal:

10. **Motion under 28 U.S.C. § 2255** ~~N/A~~

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes      ☐ No

If "Yes," answer the following:

  (a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

    ☐ Yes      ☒ No

    If "Yes," provide:

    (1) Name of court:

    (2) Case number:

    (3) Date of filing:

    (4) Result:

    (5) Date of result:

    (6) Issues raised:

  (b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

    ☐ Yes      ☒ No

    If "Yes," provide:

    (1) Name of court:

    (2) Case number:

    (3) Date of filing:

    (4) Result:

    (5) Date of result:

    (6) Issues raised:

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

11. **Appeals of immigration proceedings** N/A

    Does this case concern immigration proceedings?

    ☐ Yes ☐ No

    If "Yes," provide:

    (a) Date you were taken into immigration custody:

    (b) Date of the removal or reinstatement order:

    (c) Did you file an appeal with the Board of Immigration Appeals?

    ☐ Yes ☐ No

    If "Yes," provide:

    (1) Date of filing:
    (2) Case number:
    (3) Result:
    (4) Date of result:
    (5) Issues raised:

    (d) Did you appeal the decision to the United States Court of Appeals?

    ☐ Yes ☐ No

    If "Yes," provide:

    (1) Name of court:
    (2) Date of filing:
    (3) Case number:

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (4) Result: _____
    (5) Date of result: _____
    (6) Issues raised: _____

_____
_____
_____
_____
_____

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes      ☒ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____
(b) Name of the authority, agency, or court: _____

(c) Date of filing: _____
(d) Docket number, case number, or opinion number: _____
(e) Result: _____
(f) Date of result: _____
(g) Issues raised: _____

_____
_____
_____
_____
_____

**Grounds for Your Challenge in This Petition**

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** Christopher R. Taylor 14th Amendment due process was violated under the U.S. Constitution

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

Christopher R. Taylor rights under the Due Process of the 14th Amendment was violated.

(b) Did you present Ground One in all appeals that were available to you?

☒ Yes  ☐ No

**GROUND TWO:** Horn Lake Municipal Court denied Christopher R. Taylor release under Rule 61(c)

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

The request for hearing was made under Rule 61(c) and was denied.

(b) Did you present Ground Two in all appeals that were available to you?

☒ Yes  ☐ No

**GROUND THREE:** Christopher R. Taylor received ineffective assistance of Council.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

Matt Dalton & Gordon Shaw refused to pursue Rule 61(c) after requested by Defendant, Christopher R. Taylor.

(b) Did you present Ground Three in all appeals that were available to you?

☒ Yes  ☐ No

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** Christopher R. Taylor was denied proper medical treatment in violation of the Amendment 8 to the U.S. Constitution, Specific cruel and inhuman treatment.

(a) Supporting facts (Be brief. Do not cite cases or law.):
Talks to medical staff and Chad Wicker regarding a slip and fall and the need for medical treatment that was denied.

(b) Did you present Ground Four in all appeals that were available to you?
☒ Yes     ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: The Defendant, Christopher R. Taylor was physically assaulted by jail personnel.

**Request for Relief**

15. State exactly what you want the court to do: Defendant, Christopher R. Taylor wants to be released based on Rule 6.1(c) under Mississippi Rule of Criminal Procedure.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_May 18, 2021_

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

_See petition for Signature_

Date:

*Signature of Petitioner*

_____

*Signature of Attorney or other authorized person, if any*

Christopher Taylor
vs
Taylor
v
State Mississippi

(PRO SE) GREAT WRIT    Release on
Case no. F2021 00005

States that if a preliminary hearing is not commenced within fourteen (14) days required by subsection (a), and is not postponed as allowed by subsec., the defendant shall be released on recognizance, unless the offense is non-bailable or release is prohibited by Article 3, Section 29 (3) of the Mississippi Constitution of 1890.

With rule 6.1(C) in mind and in effect. The defendant Christopher R Taylor requested a preliminary hearing, It was requested on the 23rd of March and set for — of March. I was not represented until — and attorney Matt Dalton refused to speak with Taylor pertaining the Rule 6.1(C) being broken. Nor did he have Mr. Taylor released on recognizance. The preliminary — then caused another preliminary hearing and another Public Defender. The courts complied and on the 30th of March set the preliminary for April 20th with Berkley Shaw as attorney. And for the second time the 14 day rule was — After arguing with Shaw that Rule 6.1(C), was broken for the second time, and now again — , it said that it's up to the Judge and note the rule.

And with that being said, this has been a great injustice and a miscarriage of the Law. By the Judge and both Dalton and Shaw.
We Ask that the Circuit Court of Desoto Co and the Desoto Co Jail Release on Recognizance the defendant Christopher R Taylor immediately to case in
Case no F2021 00005; — Mississippi
Warrant No. 2021 00025

GIVEN under my hand to the Circuit Court of Desoto County

PRO SE: /s/ C. Taylor

**PRIORITY MAIL EXPRESS®**

FLAT RATE ENVELOPE — ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP





PS10001000006
EP13F May 2020
OD: 12 1/2 x 9 1/2



**UNITED STATES POSTAL SERVICE® — PRIORITY MAIL EXPRESS®**

CUSTOMER USE ONLY
FROM: (PLEASE PRINT) PHONE (901) 377-0229
Christopher R. Taylor
4144 Hallview Drive
Memphis, TN 38128

DELIVERY OPTIONS (Customer Use Only)
☒ SIGNATURE REQUIRED

TO: (PLEASE PRINT) PHONE (662) 369-4952
U.S. District Court - Aberdeen
U.S. Courthouse
203 Gilmore Dr.
Amory, MS 38821

PEEL FROM THIS CORNER

ORIGIN (POSTAL SERVICE USE ONLY)
PO ZIP Code: 38128
Scheduled Delivery Date: 5/24/21
Postage: $26.35
Date Accepted: 5/22/21
Time Accepted: 10:16 AM
Scheduled Delivery Time: ☒ 3:00 PM
Flat Rate
Total Postage & Fees: $26.35

X-PAYED

RECEIVED MAY 24 2021
United States District Court
Northern District of Mississippi

LABEL 11-B, MARCH 2019    PSN 7690-02-000-9996

EJ 591 030 391 US



  

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express® shipments. Misuses may be a violation of federal law. This package is not for resale. EP13F © U.S. Postal Service; May 2020; All rights reserved.